RONALD L. RICHMAN (SBN 139189)
ADAM THOMAS (SBN 297249)
BULLIVANT HOUSER BAILEY PC
101 Montgomery Street, Suite 2600
San Francisco, CA  94104-4146
Telephone: 415.352.2700
Facsimile: 415.352.2701
E-mail:  ron.richman@bullivant.com
         adam.thomas@bullivant.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA, <br><br> Plaintiffs, <br><br> vs. <br><br> R G MASONRY, INC., a California corporation, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT; TO RECOVER UNPAID TRUST FUND CONTRIBUTIONS; AND FOR MANDATORY INJUNCTION** |

Now comes the Plaintiffs, hereinabove named, and for their causes of action against defendant R G Masonry, Inc., allege as follows:

4894-3371-1879.2 29512/00344

– 1 –

COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT; TO RECOVER UNPAID TRUST FUND CONTRIBUTIONS; AND FOR MANDATORY INJUNCTION

# I. JURISDICTION AND VENUE

1.      This is an action for damages for breach of the collective bargaining agreement described below, for recovery of unpaid trust fund contributions and for injunctive relief.  This Court has jurisdiction of the action under and pursuant to the provisions of 29 U.S.C. §185 (§301 of the Labor Management Relations Act of 1947, as amended) and 29 U.S.C. §§1132(a)(3) and 1132(e)(1) (§§502(a)(3) and 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended) ("ERISA").  The suit arises from defendant's failure to make trust fund contributions as required by defendant's collective bargaining agreement, by the written trust agreements, and by provisions of federal law.

# II. INTRADISTRICT ASSIGNMENT

2.      Venue of the within action is properly laid in the U.S. District Court for the Northern District of California in that, under ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), contributions are made to, and benefits are paid from, a corporate co-trustee bank in the Northern District of California.

# III. PARTIES

3.      The Laborers Health and Welfare Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund for Northern California, and Laborers Training and Retraining Trust Fund for Northern California are the Plaintiffs herein.  The Laborers Health and Welfare Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund for Northern California, and Laborers Training and Retraining Trust Fund for Northern California ("the Trust Funds") are trust funds organized under and pursuant to the provisions of §§302(c)(5) and 302(c)(6) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§186(c)(5) and 186(c)(6).  The Trust Funds were established through collective bargaining agreements between the Northern California District Council of Laborers and employer associations representing construction industry employers doing business in Northern California.  The Trust Funds are employee benefit plans created by written trust agreements

4894-3371-1879.2 29512/00344

– 2 –

COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT; TO RECOVER UNPAID TRUST FUND CONTRIBUTIONS; AND FOR MANDATORY INJUNCTION

subject to and pursuant to §§3(3) and 3(37) of ERISA, 29 U.S.C. §§1002(3) and (37). The Boards of Trustees, as fiduciaries, are the plaintiffs, who sue on behalf of the Trust Funds.

4.  Each of the Trust Funds is a third-party beneficiary of the collective bargaining agreement described below.

5.  At all times mentioned herein, each of the Trust Funds was an express trust created by a written trust agreement subject to and pursuant to §302 of the Labor Management Relations Act, 29 U.S.C. §186, and a multi-employer benefit plan within the meaning of §§3 and 4 of ERISA, 29 U.S.C. §§1002, 1003.

6.  The Trust Funds provide a variety of benefits for laborers, retired laborers, and other related covered employees on whose behalf contributions are made pursuant to collective bargaining agreements. The duties of the Board of Trustees of the Trust Funds include ensuring that employers who are signatories to said collective bargaining agreements comply with the terms of those agreements with respect to payments and contributions to the Trust Funds.

7.  Plaintiffs are informed and believe, and upon that ground allege, that at all times material hereto, defendant R G Masonry, Inc. is and was doing business as a general contractor with its principal place of business located in Half Moon Bay, California. Plaintiffs are further informed and believe, and upon that ground allege, that defendant is and has been an employer within the meaning of §3(5) and §515 of ERISA, 29 U.S.C. §§1002(5), 1145 and an employer in an industry affecting commerce within the meaning of §301 of the LMRA, 29 U.S.C. §185.

## IV. FIRST CLAIM FOR RELIEF

**(Breach of Collective Bargaining Agreement)**

8.  Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in Paragraphs 1-7 of this complaint.

9.  On or about May 31, 2002, R G Masonry, Inc. entered into a Master Labor Agreement between HOD Carriers Local Union No. 36 and Mason and Builders Association of California, Inc. ("Memorandum Agreement"). Pursuant to the Memorandum Agreement, R G Masonry, Inc. agreed to be bound to the written collective bargaining agreement with the Northern California District Council of Laborers ("Laborers Union") entitled the Laborers'

4894-3371-1879.2 29512/00344 — 3 —

COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT; TO RECOVER UNPAID TRUST FUND CONTRIBUTIONS; AND FOR MANDATORY INJUNCTION

Master Agreement for Northern California ("Master Agreement").  In agreeing to be bound to the Master Agreement, defendant agreed to be subject to and bound by all provisions and conditions of the written Trust Agreements which established the trust funds.  Pursuant to the provisions of the Master Agreement, defendant agreed to be bound by all terms relating to wages, hours and conditions of employment prescribed therein with the Laborers Union.

10. By virtue of the Master Agreement and written trust agreements, defendant promised and agreed that:  (1) it would pay employee fringe benefit contributions into each Trust Fund in regular monthly installments commencing on or before the 15th day of the month immediately succeeding the month in which the employee's work was performed; (2) that in the event that any of said monthly installments were not paid in full on or before the 25th day of the month in which such contributions became due, defendant would pay interest on the delinquent contribution in the amount of 1.5% per month until paid in full, and would also pay the amount of $150 for each delinquent contribution as liquidated damages, and not as a penalty; and (3) that if any suit with respect to any of said contributions or payments were filed against defendant, it would pay into said Trust Funds the attorneys' fees, costs and all other expenses incurred in connection with such suit.

11. The Master Agreement between the Laborers Union and R G Masonry, Inc. has never been terminated.

12. Plaintiffs have performed all conditions, covenants and promises on their part to be performed in accordance with the terms and conditions of the Master Agreement and Trust Agreements.

13. Within four years last past, pursuant to an audit completed on or about September 27, 2021, defendant materially breached and broke the aforesaid Master Agreement and trust agreements in the following respects:

    (a)    by failing to report, and failing to pay (not reported, not paid) all employee trust fringe benefit contributions on behalf of his covered employees for the period August 2016 to September 2020 in the principal amount of $484,473.90, according to proof at trial; and

4894-3371-1879.2 29512/00344    – 4 –

COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT; TO RECOVER UNPAID TRUST FUND CONTRIBUTIONS; AND FOR MANDATORY INJUNCTION

(b) by failing to pay interest and liquidated damages on the not reported, not paid, employee trust fringe benefit contributions on behalf of his covered employees for the period August 2016 to September 2020, according to proof at trial.

14. The aforesaid material breaches proximately caused damages to plaintiffs in the following approximate amounts, all according to proof at trial for unpaid contributions (not reported, not paid), in the principal amount of $484,473.90 plus interest and liquidated damages according to proof at trial.  Interest will continue to accrue at the rate of 1.5% each month during the pendency of this lawsuit.

15. Plaintiffs have incurred and will continue to incur attorneys' fees in the within action.  Pursuant to the provisions of the Master Agreement and the trust agreements, Plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of the within action.

WHEREFORE, plaintiffs pray for judgment as set forth below.

## V. V. SECOND CLAIM FOR RELIEF

**(Recovery of Unpaid Trust Fund Contributions)**

**(ERISA §§502(g)(2), 515)**

16. Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in Paragraphs 1-15 of this complaint.

17. ERISA §515, 29 U.S.C. §1145, requires defendant to make such contributions to the plaintiffs Trust Funds as are required under the terms of his collective bargaining agreement with the Union.  Pursuant to the provisions of their trust agreements, plaintiffs are entitled to enforce defendant's obligations to make those contributions.

18. Defendant failed to report, and failed to pay (not reported, not paid) all employee trust fringe benefit contributions on behalf of his covered employees for the period August 2016 to September 2020, in the principal amount of $484,473.90, according to proof at trial.  Defendant is further obligated by the provisions of the Master Agreement and the Trust Agreements to pay interest on unpaid contributions at the rate of 1.5% per month until paid and

1  liquidated damages in the amount of $150 for each month that defendant failed to timely report
2  and pay all employee fringe benefit contributions into each Trust Fund.

3        19.      Pursuant to the provisions of ERISA, §502(g)(2), 29 U.S.C. §1132(g)(2),
4  plaintiffs are entitled to the following statutory relief:

          (a)    Section 502(g)(2)(A):  for unpaid contributions, not reported, not paid, in the principal amount of $484,473.90, according to proof at trial;

          (b)    Section 502(g)(2)(B): for contributions not reported and not paid, an award of interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment, calculated to be $306,208.76 through November 25, 2021; and

          (c)    Section (g)(2)(C): the additional award of an amount equal to the greater of (i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment or; (ii) liquidated damages under the Master Agreement and trust agreements of $150 for each month that defendant failed to timely report and pay all employee fringe benefit contributions into each Trust Fund, calculated to be $306,208.76 through November 25, 2021.

18        20.      Plaintiffs have incurred and will continue to incur attorneys' fees in the within action.  Pursuant to the provisions of §502(g)(2)(D) of ERISA, 29 U.S.C. §1132(g)(2)(D), plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of the within action.

22        WHEREFORE, plaintiffs pray for judgment as set forth below.

23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

## VI. <u>VI. THIRD CLAIM FOR RELIEF</u>

**(Mandatory Injunction)**

**(ERISA § 502(g)(2)(E))**

21.   Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1-20 of this complaint.

22.   Pursuant to the terms and conditions of the Master Agreement and Trust Agreements, defendant is required to allow the Trust Funds access to his books and records to determine the amount of trust fund contributions due and owing.  Plaintiffs have, as one of their purposes, the obligation to ensure that contributions required to be made to the Trust Funds are fully and correctly made.  The purposes of the respective funds are to provide health and welfare, vacation, pension and other benefits for laborers, retired laborers and other related covered employees on whose behalf contributions are made, which benefits are supported by such contributions, and to ensure that employers who are signatories to the collective bargaining agreement referred to herein comply with the terms of the agreement with respect to the payment of contributions to the Trust Funds.

23.   Pursuant to ERISA §502(g)(2)(E), 29 U.S.C. §1132(g)(2)(E), the Court may award such other legal or equitable relief as the Court deems appropriate, and pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), plaintiffs are entitled to obtain appropriate equitable relief for the breaches alleged herein.  Plaintiffs seek a mandatory injunctive order of this Court ordering and requiring defendant R G Masonry, Inc. to allow plaintiffs' auditor access to its books and records to permit plaintiffs to verify the precise amounts owed by defendant to the Trust Funds for the period October 2020, through the last completed quarter.

24.   Plaintiffs seek a mandatory injunctive order from this Court because plaintiffs have no adequate legal remedy in that an audit of the books and records of defendant is the only means to accurately verify the additional amounts owed by defendant to the Trust Funds.

WHEREFORE, plaintiffs pray for judgment as follows.

4894-3371-1879.2 29512/00344   – 7 –

COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT; TO RECOVER UNPAID TRUST FUND CONTRIBUTIONS; AND FOR MANDATORY INJUNCTION

## RELIEF REQUESTED

1. On the First Claim for Relief, for damages for breach of the collective bargaining agreement for judgment against defendant as follows: (a) for unpaid contributions reported, but not paid, in the amount of $484,473.90, according to proof at trial, including interest and liquidated damages in an amount according to proof at trial; and (b) for such other or further amounts as may be shown at trial, for costs of suit, attorneys' fees and for such other further relief as the Court may deem just and proper.

2. On the Second Claim for Relief for recovery under ERISA §502(g)(2), 29 U.S.C. §1132(g)(2), for judgment against defendant as follows:

   (a) under Section 502(g)(2)(A) - for unpaid contributions (not reported, not paid) in the principal amount of $484,473.90, according to proof at trial;

   (b) under Section 502(g)(2)(B) – an award of interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of delinquency, until the date of judgment, calculated to be $306,208.76 through November 25, 2021;

   (c) under Section 502(g)(2)(C) – the additional award of an amount equal to the greater of (i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of delinquency, until the date of judgment; or (ii) liquidated damages under the Master Agreement and trust agreements of $150 for each month that defendant failed to timely report and pay all employee fringe benefit contributions into each Trust Funds, calculated to be $306,208.76 through November 25, 2021; and

   (d) such other or further amounts as may be shown at trial, for costs of suit, attorneys' fees and for such other further relief as the Court may deem just and proper; and

3. On the Third Claim for Relief, that defendant be compelled to forthwith submit to an audit of his books and records by an auditor selected by plaintiffs, which audit is to be conducted remotely due to Covid-19 restrictions, and to allow said auditor to examine and copy

such books, records, papers and reports of defendant that are relevant to the enforcement of the collective bargaining agreement and trust agreements, including, but not limited to, October 2020 to the last completed quarter including:

> California Quarterly Report of Wages, Form DE-6; Federal Tax Forms W-3/W-2 and 1069/1099; Payroll Registers/Journals; Individual Earnings Records; Source Records, including time cards and time card summaries for all employees; contribution reports for all trust funds; workers' compensation reports; certified payroll reports; personnel records indicating job classifications and hire/termination dates; cash disbursement journal; vendor invoices; copies of subcontract agreements; cash receipts journal; general ledger; job cost records; records of related entities; and any other books and records that may be necessary to complete the auditor's determination or provide additional explanation.

DATED: January 24, 2022

BULLIVANT HOUSER BAILEY PC

By  /s/ Ronald L. Richman
    Ronald L. Richman
    Adam Thomas

Attorneys for Plaintiffs