RONALD L. RICHMAN (SBN 139189)
ADAM THOMAS (SBN 297249)
BULLIVANT HOUSER BAILEY PC
101 Montgomery Street, Suite 2600
San Francisco, CA  94104-4146
Telephone: 415.352.2700
Facsimile: 415.352.2701
E-mail:   ron.richman@bullivant.com
          adam.thomas@bullivant.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA, <br><br>                 Plaintiffs, <br><br>     vs. <br><br> R G MASONRY, INC., a California corporation, <br><br>                 Defendant. | Case No.: 4:22-cv-00469-DMR <br><br> **JOINT STIPULATION AND REQUEST TO STAY CASE FOR NINETY (90) DAYS; ORDER THEREON** |

IT HEREBY STIPULATED by and between plaintiffs Boards of Trustees of the Cement Masons Health and Welfare Trust Fund for Northern California, Board of Trustees of the Cement Masons Vacation-Holiday Trust Fund for Northern California, Board of Trustees of the Cement Masons Pension Trust Fund for Northern California, and Board of Trustees of the

1  Cement Masons Training Trust Fund for Northern California ("Cement Masons Trust Funds"),
2  on the one hand, and defendant R G Masonry, Inc. ("RG Masonry"), on the other hand, through
3  their respective counsel, as to the following.
4        On January 24, 2022 plaintiffs filed their Complaint for Breach of Collective Bargaining
5  Agreement; To Recover Unpaid Trust Fund Contributions and for Mandatory Injunction seeking
6  to recover unpaid trust fund contributions owed to plaintiffs, and to compel defendant, a
7  signatory Laborers Union employer, to submit to an audit of the books and records of
8  R G Masonry, Inc. [Dkt. 1]. Defendant was served personally served on March 22, 2022.
9  [Dkt. 7]. Defendant filed an answer on March 23, 2022. [Dkt. 10].
10       In conjunction with the complaint, plaintiffs seek to recover approximately $484,473.90
11 in alleged unreported and unpaid fringe benefit contributions, plus accrued interest, and
12 liquidated damages, pursuant to an audit conducted on or about September 27, 2021, covering
13 the period August 2016 through September 2020 [First and Second Claims for Relief].
14 Plaintiffs also seek to compel defendant to submit to a further audit of its books and records for
15 the period October 2020 through the last completed quarter [Third Claim for Relief].
16       The parties met and conferred over this matter in a thirty-minute phone call held on
17 Monday, April 18, 2022, and a one-hour video conference on held on Wednesday,
18 March 20, 2022. On March 20, 2022, defendant provided plaintiffs with some of the audit
19 documentation requested by plaintiffs. In conjunction with the alleged unreported and unpaid
20 contributions for the period August 2016 – September 2020, defendant is committed to
21 providing plaintiffs' auditors with additional documentation as to any dispute by defendant
22 regarding the alleged unreported and unpaid contributions covering this period. Defendant
23 committed to providing this additional documentation to plaintiffs on or before Friday,
24 April 29, 2022. Defendant has also agreed to provide plaintiffs' auditor with access to its books
25 and records for the purpose of conducting a further audit for the period October 2020 through
26 the most recent completed quarter.
27       Plaintiffs' auditors will review all documentation provided by defendant to determine if
28 any, or all the unpaid contributions alleged by plaintiffs in the First and Second Claims for

Relief can be resolved and to determine if any further contributions are owed for the period of October 2020 through the most recently completed quarter. It is anticipated the auditor will complete its review of any additional documentation produced by plaintiffs, within sixty (60) days following receipt the documentation requested from defendant.

Thereafter, plaintiffs and defendant would like an additional thirty (30) days to review the auditor's revised or new findings and endeavor to resolve this dispute in its entirety by way of a settlement agreement and payment plan (if necessary), thereby avoiding the time and expense of further litigation.

Based on the above, the parties jointly stipulate to, and respectfully request that this Court stay this action for a period of ninety (90) days to allow the parties time to (1) review the auditor's revised findings as to the additional documentation provided by defendant, (2) review the auditor's findings with regard to the further audit for the period of October 2020 through the most recent completed quarter, and (3) to endeavor to resolve any remaining disputes by way of a settlement agreement and payment plan, thereby avoiding further time and expense of further litigation.

DATED: April 26, 2022

BULLIVANT HOUSER BAILEY PC

By  /s/ Adam Thomas
    Ronald L. Richman
    Adam Thomas

Attorneys for Plaintiffs

DATED: April 26, 2022

LAW OFFICE OF GEORGE F. CAMERLENGO

By  /s/ George F. Camerlengo
    George F. Camerlengo

Attorney for Defendant

**ORDER**

Pursuant to the parties' stipulation and good cause appearing:

IT IS HEREBY ORDERED that this matter is stayed for ninety (90) days and that the initial case management conference is continued to _____, 2022 at ___ p.m., Courtroom 4, 3rd Floor, Ronald Dellums Federal Building, 1301 Clay Street Oakland, CA. The parties shall file a joint case management conference statement seven (7) days prior to the re-scheduled case management conference.

Should the parties be unable to reach resolution of any dispute in the upcoming audit, plaintiffs shall file and serve an amended complaint and defendant's counsel shall accept service of process, on behalf of defendant, consistent with the parties' stipulation, above.

DATED: April _____, 2022

By _____
HON. DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE

4862-1580-4445.2 29512/00344

– 4 –

STIPULATION AND REQUEST TO STAY CASE FOR NINETY (90) DAYS; ORDER THEREON